Jordon Harlan, Esq. (CA #273978)
**HARLAN LAW, P.C.**
122 43rd Street
Manhattan Beach, CA 90266
Telephone: (619) 870-0802
Fax: (619) 870-0815
Email: jordon@harlanpc.com

Adam J. Kress, Esq. (MN #0297289)
*Pro Hac Vice to be filed*
Anna R. Rick, Esq. (MN #0401065)
*Pro Hac Vice to be filed*
**JOHNSON BECKER, PLLC**
444 Cedar Street, Suite 1800
St. Paul, MN 55101
Telephone: (612) 436-1800
Fax: (612) 436-1801
Email: akress@johnsonbecker.com
        arick@johnsonbecker.com

***Attorneys for Plaintiff***

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| **NANCY LYNN KOENIG**, <br><br> Plaintiff, <br><br> v. <br><br><br> **COSTCO WHOLESALE CORPORATION,** <br><br><br> Defendant. | Case No. <br><br> **PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL** <br><br> 1.  Strict Products Liability <br><br> 2.  Negligent Products Liability <br><br> 3.  Breach of Implied Warranty of Merchantability <br><br> 4.  Breach of Implied Warranty of Fitness for a Particular Purpose |

1

COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, **NANCY LYNN KOENIG** (hereafter referred to as "Plaintiff"), by and through his undersigned counsel, **JOHNSON BECKER, PLLC** and **HARLAN LAW, P.C.**, hereby submits the following Complaint and Demand for Jury Trial against Defendant **COSTCO WHOLESALE CORPORATION** (hereafter "Defendant" or "Costco") and alleges the following upon personal knowledge and belief, and investigation of counsel:

## NATURE OF THE CASE

1. This is a product liability action seeking recovery for substantial personal injuries and damages suffered by Plaintiff after she was seriously injured by Pyrex Glassware soda lime silicate glassware marketed, imported, distributed, and sold by Defendant Costco Wholesale Corporation ("Costco") and designed, manufactured, marketed, imported, distributed, and/or sold by Corelle Brands, LLC f/ka/ Instant Brands, LLC ("Instant Brands"). Instant Brands is currently engaged in bankruptcy proceedings in the United States Bankruptcy Court for the Southern District of Texas, and an automatic stay has been imposed. See *In re: Instant Brands Acquisition Holdings, Inc., et. al.*, 4:2023-bk-90716 [Dkt. 1].

2. Costco marketed, imported, distributed and sold the Pyrex Glassware soda lime silicate glassware that is at issue in this case with serious and dangerous defects.

3. Specifically, during ordinary and routine use, Pyrex Glassware products manufactured from partially tempered soda lime silicate glass ("Pyrex Glassware") are prone to abrupt and dangerous shattering when exposed to temperature changes that that reasonable consumers expect Pyrex Glassware to be able to withstand based upon the product's history, advertising, and the company's express claims related to its durability ("Defect").

4. The defective products included in this care are all Pyrex Glassware products made from partially tempered soda lime silicate glass designed, manufactured, marketed, imported, distributed and/or sold by Instant Brands and

2<br>COMPLAINT AND DEMAND FOR JURY TRIAL

marketed, imported, distributed, and sold by Defendant Costco.

5. At all relevant times, Costco knew or should have known of the Defect in the Pyrex Glassware but nevertheless marketed, advertised, and sold Pyrex Glassware without distinguishing between the older borosilicate glass products and the defective soda lime silicate glass products; failed to warn consumers that the type of glass used to manufacture the Pyrex products had changed and that the soda lime silicate glass used for the Pyrex products creates serious safety risks; and failed to recall or issue a stop sale of the dangerously defective Pyrex Glassware despite its knowledge of the risk of significant injuries the Defect poses to consumers as well as the Defect's likelihood of causing a catastrophic failure of the product.

6. As a direct and proximate result of the Defect and the inherent safety risk posed by the Defect, and as a direct and proximate result of Costco's concealment of the Defect, its failure to warn customers of products' change and Defect prior to sale, its failure to remove the defective Pyrex Glassware from the stream of commerce, and its failure to recall or remedy the Defect, Plaintiff used the defective and unsafe Pyrex Glassware, which resulted in serious and significant injuries to the Plaintiff.

7. As a direct and proximate result of Defendant's conduct, the Plaintiff in this case incurred significant and painful bodily injuries, medical expenses, lost wages, physical pain, mental anguish, and diminished enjoyment of life.

## PLAINTIFF NANCY LYNN KOENIG

8. Plaintiff is a resident and citizen of the City of Torrance, County of Los Angeles, State of California. Plaintiff therefore is a resident and citizen of the State of California for purposes of diversity pursuant to 28 U.S.C. § 1332.

9. On or about February 6, 2022, a Plaintiff's family friend purchased the subject Pyrex Glassware from the Costco located at 2887 South Market Street, Gilbert, Arizona 85295. Plaintiff's family friend purchased the Pyrex Glassware to give to Plaintiff as a gift.

10. On or about August 30, 2022, Plaintiff suffered serious and substantial

injuries as the direct and proximate result of the defective Pyrex Glassware suddenly and unexpectedly exploding during the normal and foreseeable use of the glassware.

## DEFENDANT COSTCO WHOLESALE CORPORATION

11.     Defendant Costco Wholesale Corporation markets, imports, distributes and sells a variety of consumer products, including the Pyrex Glassware that is at issue in this case.

12.     Costco is a corporation organized and existing under the laws of the state of Washington with its headquarters and principal place of business located at 999 Lake Drive, Issaquah, Washington 98027. Costco does business in 47 states.[1] Costco is therefore deemed to be a resident and citizen of the State of Washington for purposes of diversity jurisdiction under 28 U.S.C. § 1332.

13.     At all times relevant, Costco substantially participated in the marketing, distribution, and sale of the Pyrex Glassware which caused Plaintiff's injuries and damages.

## JURISDICTION AND VENUE

14.     This Court has subject matter jurisdiction over this case pursuant to diversity jurisdiction prescribed by 28 U.S.C. § 1332 because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and there is complete diversity between the parties.

15.     *Personal Jurisdiction over Costco*: Costco transacts business in California; derives substantial revenue from goods sold, purchased, distributed and/or used in California; regularly does or solicits business in California; and committed tortious acts and/or omissions that caused injury in California. Costco derives revenue from the sales of consumer products within California and has purposefully availed itself of the privilege of doing business in California. It marketed, distributed, and sold the subject Pyrex Glassware in California. Costco is registered to do business in

[1] Costco does not have locations in Rhode Island, West Virginia, or Wyoming.

COMPLAINT AND DEMAND FOR JURY TRIAL

California, and maintains a regional office at 4649 Morena Boulevard, San Diego, California 92117. Costco has sufficient "minimum contacts" with California such that subjecting it to personal jurisdiction here does not offend traditional notions of fair play and substantial justice. Exercising personal jurisdiction over Costco in this Court comports with due process.

16. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because all or a substantial part of the events or omissions giving rise to this claim occurred in this district.

17. Venue is also proper in this Court pursuant to 28 U.S.C. § 1391 because Defendants have had sufficient minimum contacts with the State of California and have intentionally availed themselves of the markets within the State of California through the promotion, sale, marketing, and distribution of their products.

**FACTUAL BACKGROUND**

18. Defendant is engaged in the business of marketing, advertising, importing, distributing and/or selling Pyrex Glassware.

19. Pyrex Glassware is used for food preparation through freezing, storing, cooking, baking, or microwaving foods placed in Pyrex Glassware, each of which subjects the glassware to different temperatures. Consumers turn to Pyrex Glassware because of its reputation for sturdiness and versatility in the kitchen.

20. However, when partially heat-tempered soda lime Pyrex Glassware is exposed to a sudden change of temperature of approximately 99 degrees, it is susceptible to fracturing, breaking, shattering, or exploding. For example, a difference in temperature that exceeds 99°F can and does occur by placing a hot Pyrex Glassware item on a room temperature trivet. Further, such a difference in temperature exceeding 99°F can and does occur through the baking process, or by leaving Pyrex Glassware in the oven to cool.

21. Throughout Pyrex Glassware's Owner's Manual and other written documents distributed and sold with the Pyrex Glassware, or provided publicly to

COMPLAINT AND DEMAND FOR JURY TRIAL

consumers online, Pyrex Glassware is expressly warranted to be free from defects, durable, and suitable for use when cooking at high temperatures.[2]

22. Several publications regarding consumer products, including Consumer Reports and the American Ceramics Bulletin, published studies showing that the partially heat-tempered soda lime silicate Pyrex Glassware has a much lower resistance to temperature change than traditional Pyrex Glassware made from borosilicate glass, and thus has a much higher susceptibility to fracturing, breaking, shattering, or exploding.

23. Plaintiff used her Pyrex Glassware reasonably believing it was properly designed and manufactured, free from defects, and safe for its intended use.

24. Plaintiff used her Pyrex Glassware for its intended purpose of preparing meals at home in a manner reasonably foreseeable by Costco.

25. However, the aforementioned Pyrex Glassware was defectively and negligently designed, manufactured, distributed and sold in that the Defect renders it unsafe as it is unable to properly resist thermal shock for regular changes in temperature of 99°F or higher that occur when used for its intended purpose.

26. The Defect makes the Pyrex Glassware much more susceptible to sudden glass fracturing, breaking, shattering, or exploding during normal and expected household cooking, exposing consumers to glass shards and hot contents contained within the glassware; just as it did in this case.

27. Costco knew or should have known that the Defect exists in the Pyrex Glassware at the point of sale and of the serious safety risk it posed to consumers and the public, including Plaintiff, but chose to conceal its knowledge from consumers who purchased Pyrex Glassware.

28. As a direct and proximate result of the Defect and the inherent safety risk posed by the Defect, and as a direct and proximate result of Defendant's concealment

---

[2] *See PYREX Limited Two-Year Warranty*, http://www.pyrexware.com/4.5-qt-oblong-bakingdish/5302470.html#start=2

COMPLAINT AND DEMAND FOR JURY TRIAL

of the Defect, its failure to warn customers before their purchase of the products' change and Defect, its failure to remove the defective Pyrex Glassware from the stream of commerce, and its failure to recall or remedy the Defect, Plaintiff used the defective and unsafe Pyrex Glassware.

29.    Consequently, the Plaintiff in this case seeks damages resulting from the use of the Pyrex Glassware as described above, which has caused the Plaintiff to suffer from serious bodily injuries, medical expenses, lost wages, physical pain, mental anguish, diminished enjoyment of life, and other damages.

## FIRST CAUSE OF ACTION

## <u>STRICT PRODUCTS LIABILITY</u>

PLAINTIFF, FOR A FIRST CAUSE OF ACTION AGAINST COSTCO WHOLESALE CORPORATION ALLEGES AS FOLLOWS:

30.    Plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully at length herein.

31.    At the time of Plaintiff's injuries, the Pyrex Glassware imported, distributed, marketed and sold by Defendant was defective and unreasonably dangerous for use by foreseeable consumers, including Plaintiff.

32.    The Pyrex Glassware was in the same or substantially similar condition as when it left the possession of the Defendant.

33.    Plaintiff and her family did not misuse or materially alter the Pyrex Glassware.

34.    The Pyrex Glassware did not perform as safely as an ordinary consumer would have expected it to perform when used in a reasonably foreseeable way.

35.    Further, a reasonable person would conclude that the possibility and serious of harm outweighs the burden or cost of making the Pyrex Glassware safe. Specifically:

a. The Pyrex Glassware designed, manufactured, sold, and supplied by Defendant was defectively designed and placed into the stream of

commerce in a defective and unreasonably dangerous condition for consumers;

b. The seriousness of the potential injuries resulting from the product drastically outweighs any benefit that could be derived from its normal, intended use;

c. Defendant failed to properly market, import, distribute, supply, and sell the Pyrex Glassware, despite having extensive knowledge that the aforementioned injuries could and did occur;

d. Defendant failed to warn and place adequate warnings and instructions on the Pyrex Glassware;

e. Defendant failed to adequately test the Pyrex Glassware; and

f. Defendant failed to market an economically feasible alternative design, despite the existence of economical, safer alternatives, that could have prevented the Plaintiff's injuries and damages.

36.    Defendant's actions and omissions were the direct and proximate cause of the Plaintiff's injuries and damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant for damages, together with interest, costs of suit and all such other relief as the Court deems proper.

**SECOND CAUSE OF ACTION**

**NEGLIGENT PRODUCTS LIABILITY**

PLAINTIFF, FOR A SECOND CAUSE OF ACTION AGAINST COSTCO WHOLESALE CORPORATION ALLEGES AS FOLLOWS:

37.    Plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully at length herein.

38.    Defendant had a duty of reasonable care to import, distribute, market, and sell non-defective Pyrex Glassware that is reasonably safe for its intended uses by consumers, such as Plaintiff and her family.

39.    Defendant failed to exercise ordinary care in the warnings, quality

COMPLAINT AND DEMAND FOR JURY TRIAL

assurance, quality control, distribution, advertising, promotion, sale and marketing of the Pyrex Glassware in that Defendant knew or should have known that said Pyrex Glassware created a high risk of unreasonable harm to the Plaintiff and consumers alike.

40. Defendant was negligent in the import, distribution, advertising, warning, marketing and sale of the Pyrex Glassware in that, among other things, they:

   a. Failed to provide adequate warnings about the risk that the subject glassware would fail and spontaneously explode, causing severe bodily harm;

   b. Failed to ensure that consumers, including Plaintiff, received adequate warnings about the risk that the glassware would fail and spontaneously explode, causing severe bodily harm;

   c. Failed to provide adequate instructions for the proper handling and use of the Pyrex Glassware;

   d. Placed an unsafe product into the stream of commerce;

   e. Failed to recall the Pyrex Glassware; and

   f. Were otherwise careless or negligent.

41. Despite the fact that Defendant knew or should have known about the Defect described herein, Defendant continued to market (and continues to do so) the Pyrex Glassware to the general public.

**WHEREFORE**, Plaintiff demands judgment against Defendant for damages, together with interest, costs of suit and all such other relief as the Court deems proper.

### THIRD CAUSE OF ACTION

### BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

PLAINTIFF, FOR A THIRD CAUSE OF ACTION AGAINST COSTCO WHOLESALE CORPORATION ALLEGES AS FOLLOWS:

42. Plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully at length herein.

COMPLAINT AND DEMAND FOR JURY TRIAL

43. At the time Defendant marketed, distributed and sold the Pyrex Glassware in this case, Defendant warranted that the Pyrex Glassware was merchantable and fit for the ordinary purposes for which it was intended.

44. Members of the consuming public, including consumers such as Plaintiff and/or her family, were intended third-party beneficiaries of the warranty.

45. Plaintiff, her family friend, and her family reasonably relied on Defendant's representations that the Pyrex Glassware was reasonable fit for its intended purpose for cooking and preparing meals and that the glassware was durable and heat-safe.

46. The Pyrex Glassware was not merchantable because it had the propensity to lead to the serious personal injuries as described herein in this Complaint.

47. Plaintiff used the Pyrex Glassware with the reasonable expectation that it was properly designed and manufactured, free from defects of any kind, and that it was safe for its intended, foreseeable use of cooking.

48. Defendant's breach of the implied warranty of merchantability was the direct and proximate cause of Plaintiff's injury and damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant for damages, together with interest and all such other relief as the Court deems proper.

**FOURTH CAUSE OF ACTION**

**BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE**

PLAINTIFF, FOR A FOURTH CAUSE OF ACTION AGAINST COSTCO WHOLESALE CORPORATION ALLEGES AS FOLLOWS:

49. Plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully at length herein.

50. Defendant marketed, distributed, and sold the Pyrex Glassware with an implied warranty that it was fit for the particular purpose of cooking.

51. Members of the consuming public, including consumers such as Plaintiff

COMPLAINT AND DEMAND FOR JURY TRIAL

and her family, were the intended third-party beneficiaries of the warranty.

52. The Pyrex Glassware was not fit for the particular purpose as a safe means of cooking, due to the unreasonable risks of bodily injury associated with its use.

53. Plaintiff and her family reasonably relied on Defendant's representations that the Pyrex Glassware was an effective and safe means of cooking, and that the glassware was durable and heat-safe.

54. Defendant's breach of the implied warranty of fitness for a particular purpose was the direct and proximate cause of Plaintiff's injuries and damages.

**WHEREFORE,** Plaintiff demands judgment against Defendant for damages, together with interest, costs of suit and all such other relief as the Court deems proper.

## INJURIES & DAMAGES

55. As a direct and proximate result of Defendant's negligence and wrongful misconduct as described herein, Plaintiff has suffered and will continue to suffer physical and emotional injuries and damages including past, present, and future physical and emotional pain and suffering as a result of the incident. Plaintiff is entitled to recover damages from Defendant for these injuries in an amount which shall be proven at trial.

56. As a direct and proximate result of Defendant's negligence and wrongful misconduct, as set forth herein, Plaintiff has incurred and will continue to incur the loss of full enjoyment of life and disfigurement as a result of the incident. Plaintiff is entitled to recover damages for loss of the full enjoyment of life and disfigurement from Defendant in an amount to be proven at trial.

57. As a direct and proximate cause of Defendant's negligence and wrongful misconduct, as set forth herein, Plaintiff has and will continue to incur expenses for medical care and treatment, as well as other expenses, as a result of the injuries she suffered as a result of the incident. Plaintiff is entitled to recover damages from Defendant for her past, present and future medical and other expenses in an amount

which shall be proven at trial.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff demands judgment against the Defendant as follows:

A.    That Plaintiff has a trial by jury on all of the claims and issues;

B.    That judgment be entered in favor of the Plaintiff and against Defendant on all of the aforementioned claims and issues;

C.    That Plaintiff recover all damages against Defendant, general damages and special damages, including economic and non-economic, to compensate the Plaintiff for her injuries and suffering sustained because of the use of the Defendant's defective product;

D.    That all costs be taxed against Defendant;

E.    That prejudgment interest be awarded according to proof;

///

///

///

///

///

///

///

///

12

F.     That this Court awards any other relief that it may deem equitable and just, or that may be available under the law of another forum to the extent the law of another forum is applied, including but not limited to all reliefs prayed for in this Complaint and in the foregoing Prayer for Relief.

Dated: August 15, 2024                    **HARLAN LAW, P.C**

*/s/ Jordon Harlan, Esq*
Jordon Harlan, Esq. (CA #273978)
122 43rd Street
Manhattan Beach, CA 90266
Telephone: (619) 870-0802
Fax: (619) 870-0815
Email: jordon@harlanpc.com

*In association with*:

**JOHNSON BECKER, PLLC.**

Adam J. Kress, Esq. (MN #0297289)
*Pro Hac Vice to be filed*
Anna R. Rick, Esq. (MN #0401065)
*Pro Hac Vice to be filed*
444 Cedar Street, Suite 1800
St. Paul, MN 55101
Telephone: (612) 436-1800
Fax: (612) 436-1801
Email: akress@johnsonbecker.com
Email: arick@johnsonbecker.com

COMPLAINT AND DEMAND FOR JURY TRIAL

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all the claims asserted in this Complaint so triable.

**Dated: August 15, 2024**          By:    */s/ Jordon Harlan, Esq.*

                                            **Jordon Harlan, Esq. (CA #273978)**